IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PARIS AMADI ALI-BEY,   *
Aka PARIS LAMONT GOODWIN,
    Petitioner,
                                        *

    v.                                                     CIVIL ACTION NO. RDB-15-308
                                        *

STATE OF MARYLAND, et al.,
    Respondents.   *
                                        ******

**MEMORANDUM**

      The above-captioned action was filed with this Court on February 2, 2015.  Petitioner seeks to have this Court issue an Order to the "BALTIMORE CITY CIRCUIT COURT, BALTIMORE CITY AND BALTIMORE COUNTY OFFICE OF CHILD SUPPORT ENFORCEMENT[S] to nullify, dismiss and/or close (alleged) child support case, cease and desist any further communication and/or correspondence referencing BALTIMORE CITY OFFICE OF CHILD SUPPORT ENFORCEMENT CASE and/or BALTIMORE COUNTY OFFICE OF CHILD SUPPORT ENFORCEMENT CASE #860120502/COURT ORDER 24-D-11-00253/24510, compelling Petitioner (under threat, duress, and coercion) to make payment sot MAYRLNAD CHILD SUPPORT."  ECF No. 1, pp. 2-3.

      Petitioner has neither paid the civil filing fee nor filed a Motion for leave to Proceed in Forma Pauperis.

      Because Petitioner seeks to compel a certain action by the state and/or its agents, the Court concludes that the present matter is in the nature of a writ of mandamus.  *See* 28 U.S.C. § 1361.  Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty

owed to a petitioner. However, this federal district court has no mandamus jurisdiction over state employees and cannot compel the Maryland state courts to take any action in Petitioner's child support case.[1] *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 586-87 (4th Cir. 1969). Therefore, Petitioner's request for mandamus relief shall be denied.

     A separate Order shall be entered reflecting the Opinion set forth herein.


 March 4, 2015                                                                                              /s/
 Date                                                                                        RICHARD D. BENNETT
                                                                                        UNITED STATES DISTRICT JUDGE

---

[1] Moreover, this Court does not have original subject matter jurisdiction over the underlying case. *See Raftery v. Scott*, 756 F.2d 335, 343 (4th Cir. 1985) (domestic relations exception to federal courts' jurisdiction based on idea that state has a stronger more direct interest); *Wasserman v. Wasserman*, 671 F.2d 832 (4th Cir. 1982) (diversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or decide child custody rights).